it material to point out in what particular the evidence is insufficient to sustain the judgment.

The judgment of the County Court is reversed.

*Reversed.*

### R. L. Halperin, Defendant in Error, v. Louis Dultz, Plaintiff in Error.

#### Gen. No. 19,183. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. Joseph P. Rafferty, Judge, presiding. Heard in this court at the March term, 1913. Reversed. Opinion filed April 26, 1915.

### Statement of the Case.

Action by R. L. Halperin against Louis Dultz in the Municipal Court of Chicago to recover rent of a certain store belonging to the plaintiff, for the months of November, 1911, to February, 1912, inclusive, at the rate of thirty-seven dollars per month. The defendant had rented the premises in question by parol lease at thirty-seven dollars per month for a certain period. Defendant sold the business conducted by him in the store to other parties. The plaintiff consented to this and gave them a lease. The parties to whom the defendant sold remained on the premises under the lease to them from the plaintiff for a while but moved out before the term of the lease expired without the consent of the plaintiff. Plaintiff testified that at the time the defendant proposed that he lease the premises to these parties and at the time he leased it to them he told the defendant that he would look to him for any loss and that the defendant agreed to this. Judgment for the plaintiff and defendant brings error. Reversed without remanding the cause.

WINSTON, PAYNE, STRAWN & SHAW, for plaintiff in error; JOHN C. SLADE, of counsel.

No appearance for defendant in error.

MR. JUSTICE McSURELY delivered the opinion of the court.

## Abstract of the Decision.

1. LANDLORD AND TENANT, § 451*—*what constitutes a surrender.* Where a party who has verbally leased premises for a certain period sells out his business conducted therein with the consent of his lessor, who agrees to take a lease from the new tenants and does so, such act by the lessor operates as a surrender of the original lessee's verbal lease.

2. FRAUDS, STATUTE OF, § 13*—*when promise to answer for debt of another void.* A verbal promise by the lessee of premises to his lessor that he will be responsible for any loss which he may suffer in re-renting the premises to other parties to whom the lessee has sold his business conducted therein is void under section 1 of chapter 59 of the act in relation to fraud and perjuries (J. & A. ¶ 5867).

---

## In re Estate of Maud M. Thompson, Deceased.
## Archie W. Campbell and Frank E. Campbell, Appellants, v. Wilder B. Thompson, Appellee.
### Gen. No. 19,932.

1. PLEADING, § 304*—*when affidavit necessary to denial of execution of writing.* Under section 52 of chapter 110 of the Practice Act of the Illinois Statutes (J. & A. ¶ 8589), the execution of an instrument in writing upon which any action may be brought cannot be denied unless a plea shall be filed with affidavit denying the execution.

2. PLEADING, § 304*—*how execution of note filed as claim in Probate Court must be denied.* Section 52 of chapter 110 of the Prac-